UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JACOB TREMBLAY and
VALERIE TREMBLAY,

     Plaintiffs,

-vs-                                 Case No.
                                           Hon.

JAY CHEVROLET, INC., and
MICHIGAN SCHOOLS & GOVERNMENT CREDIT UNION,

     Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1.    This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2.    As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3.   The Plaintiffs to this lawsuit are Jacob Tremblay and Valerie Tremblay who reside in Temperance, Michigan in Monroe County.

4.   The Defendants to this lawsuit are as follows:

    a.   Jay Chevrolet, Inc. ("JCI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, State of Michigan, Cashier's Unit, 7064 Crowner Dr., Dimondale, MI 48821.

    b.   Michigan Schools & Government Credit Union ("MSGCU"), which is a financial institution doing business within the boundaries for this Court.

5.   At all relevant times JCI – in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6.   JCI is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

2

7.     Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

## **VENUE**

8.     The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

9.     Venue is proper in the United States District Court for the Eastern District of Michigan.

## **GENERAL ALLEGATIONS**

10.    On or about March 31, 2025, Plaintiffs purchased a certain 2005 Ford  F250, VIN 1FTSX21P15EC21970 ("the vehicle") from JCI and JCI extended credit to Plaintiffs as evidenced in the retail installment contract.

11.    The retail installment contract is currently held by MSGCU.

12.    At no time prior to consummating the sale and finance of the vehicle did the Defendants provide the Plaintiffs with any Truth in Lending disclosures which they could have and keep and which would have allowed the Plaintiffs to make an informed decision about the financing of the vehicle.

3

13.     As a direct result of the Defendants' failure to provide any Truth in Lending disclosures to the Plaintiffs prior to the consummation of the transaction, the Plaintiffs ended up with a 16.24% APR whereas, if they had been able to make an informed decision about credit, Plaintiffs would have tried to negotiate a more favorable rate.

14.     Prior to consummating the transaction, the Plaintiffs told the Defendants that they did not want the theft protection soft add-on.

15.     Defendants failed to itemize a $299.00 theft protection warranty in the amount financed, instead, they added it to the purchase price of the vehicle, raising the price from $8,801.00 to $9,100.00

16.     Defendants failed to provide the Plaintiffs with a true copy of the retail installment sale contract as required by Michigan law.

17.     Defendants provided a 3 month/3,000 mile written warranty for the vehicle and, at the same time, stated on the FTC Buyer's Guide that the vehicle was being sold "as-is."

18.   JCI made the following representations by operation of law as a result of the sale of a written warranty or extended service contract within 90 days of the sale of the vehicle:

    a.   The vehicle was merchantable.

    b.   the vehicle was fit for its intended purpose.

19.   Before executing the purchase agreement, JCI made the following specific representations which constituted express warranties:

    a.   That the vehicle came with a 3 month/3,000 mile written warranty.

20.   The vehicle did not meet JCI's specific representations which constituted express warranties.

21.   JCI attempted to disclaim the warranty of merchantability and fitness for use while providing a written warranty.

22.   Four days after the date of purchase, the vehicle stopped function due to engine failure.

23.   Defendants kept the vehicle for 140 days without fixing it correctly.

24.   Plaintiffs revoked acceptance of the vehicle.

25.   Defendants returned the vehicle to Plaintiffs after almost six months and itremains unsafe, unrepaired, and unfit for use.

26.   The warranty has failed of its essential purpose.

27.    The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

28.    Since the date of purchase the vehicle has suffered from a defective engine, defective transfer case, defective steering gear box, read end vibration, defective ABS system.

29.    Each time Plaintiffs learned of a mechanical defect, Plaintiffs promptly notified JCI of that defect.

30.    Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Plaintiffs.

31.    Plaintiffs properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring JCI to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

32.    Plaintiffs are entitled to enforce the warranty.

33.    Plaintiffs suffered damages as a result of the acts and omissions set forth herein.

## COUNT  I  -- Truth In Lending Act

## (JCI)

34.    Plaintiffs incorporate the preceding allegations by reference.

35.    JCI was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

36.    Those disclosures were required to be made in writing, in form that could be kept by the consumer so that they could shop for credit prior to engaging in a credit transaction.

37.    JCI failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

38.    By failing to provide Plaintiffs with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

39.    JCI failed to accurately disclose the cash price of the vehicle in the retail installment contract adding $299.00 to the cash price instead of itemizing it as an add on.

40. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

41. JCI failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

42. JCI failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

43. As a consequence of failing to accurately state the actual finance charge, JCI also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

44. JCI failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

45. When JCI inflated the cash price of the vehicle by the same amount as it wanted to charge for the unwanted theft protection product, it caused the Plaintiffs to have to pay extra sales tax.

46. As a consequence, Plaintiffs paid sales tax on the falsely inflated value which was added to the vehicle.

47. This additional sales tax was incident to the financing of the vehicle and was therefore a finance charge as that term is defined in Reg Z § 226.2.

48. JCI falsely and inaccurately disclosed the additional sales tax as an amount financed, and not as a finance charge, thereby misstating that total finance charge and amount financed in the retail installment contract.

49. Consequently, JCI falsely and inaccurately disclosed the applicable APR contrary to 15 U.S.C. § 1638(a)(4); Reg Z § 226.18(32); Reg Z § 226.22..

50. By falsely and inaccurately misstating the APR, finance charge, and amount financed due to the inflation of the purchase price of the vehicle, JCI violated 15 U.S.C § 1638(a)(3), entitling Plaintiffs to recover statutory damages under 15 U.S.C. § 1640, amounting to twice the finance charge and actual damages.

51. JCI failed to make any disclosure of the value given for the trade in.

52. JCI is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## <u>COUNT II -- Magnuson-Moss Warranty Act</u>

## <u>(JCI & MSGCU)</u>

53. Plaintiffs incorporate the preceding allegations by reference.

54. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

55.  Plaintiffs are consumers as defined in 15 U.S.C. §2301(3).

56.  JCI is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) & (5).

57.  At the time JCI sold the vehicle to Plaintiffs,  JCI provided a written warranty with the vehicle.

58.  The provision of the written warranty by JCI served as a basis for buyer confidence in the vehicle and its reliability.

59.  The provision of a written warranty by JCI served as a basis for the bargain in the  transaction in which the vehicle was purchased.

60.  JCI  has  attempted to disclaim the implied warranties of fitness and merchantability where it has provided a written warranty.

61.  JCI's attempts to disclaim the implied warranties of fitness and merchantability where provided a written warranty violates 15 U.S.C.  §2308.

62.  As a seller of motor vehicles, JCI was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

63.  Under the buyers guide rule, JCI was required to affix the buyers guide to the car prior to the sale of the vehicle to  Plaintiffs.

64.  JCI failed to affix the buyers guide to the car prior to the sale of the vehicle to Plaintiffs, thereby violating the buyers guide rule.

65. In the FTC buyers guide, JCI affirmatively stated that it was giving no warranties - this was untrue.

66. Under the buyers guide rule, 16 C.F.R. §455.4, JCI may not make any representations contrary to the final terms incorporated into the buyer's guide.

67. The oral representations made by JCI are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. § 2301 *et seq*.

68. Under 15 U.S.C. § 2301(a)(1), JCI, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.


69. JCI has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

70. Plaintiffs suffered and continued to suffer damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. § 2304(d).

## COUNT  III  -- Violation of Michigan Consumer Protection Act

## (JCI & MSGCU)

71. Plaintiffs incorporate the preceding allegations by reference.

72. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to the claims set forth in this Count that arise against the

seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

73.   JCI is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

74.   JCI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   a.   Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b.   Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

   c.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

   d.   Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

e.      Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f.      Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g.      Representing that a part, replacement, or repair service is needed when it is not.

h.      Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i.      Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j.      Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k.      Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l.  Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m.  Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n.  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o.  Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p.  Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other

14

payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q.     Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r.     Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s.     Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t.     Causing coercion and duress as the result of the time and nature of a sales presentation.

u.     Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

75.   Plaintiffs suffered damages as a result of these violations of the Michigan
Consumer Protection Act.

## COUNT IV  -- Misrepresentation

## (JCI & MSGCU)

76.   Plaintiffs incorporate the preceding allegations by reference.

77.   Under M.C.L. § 492.114a and pursuant to the express terms of the contract,
MSGCU is subject to the claims set forth in this Count that arise against the
seller for the sale of the vehicle, and is jointly liable to the extent of any
payments received from Plaintiffs.

78.   The material representations were intended to induce the reliance of Plaintiffs.

79.   The material representations did induce the reasonable reliance of Plaintiffs.

80.   JCI made the material representations with actual knowledge of their falsity.

81.   JCI made the material representations with reckless disregard to their truth or
falsity.

82.   JCI made the material representations even though it should have known that
they were false.

83.   These actions constitute a misrepresentation upon Plaintiffs.

84.   Plaintiffs suffered damages as a result of this misrepresentation.

## COUNT V  -- Breach of Contract

## (JCI & MSGCU)

85.   Plaintiffs incorporate the preceding allegations by reference.

86.   Under M.C.L. § 492.114a and pursuant to the express terms of the contract,

MSGCU is subject to the claims set forth in this Count that arise against the

seller for the sale of the vehicle, and is jointly liable to the extent of any

payments received from Plaintiffs.

87.   JCI's tender of the performance did not conform as a result of the vehicle's

mechanical defects, lack of merchantability, and lack of fitness for intended

purpose which existed at the time of delivery.

88.   The failure of JCI to deliver conforming goods, title, and follow up services at

the contract price constitutes a material breach of contract.

89.   Plaintiffs suffered damages as a result of this breach of contract.

## COUNT VI  -- Breach of  Warranties

## (JCI & MSGCU)

90.   Plaintiffs incorporate the preceding allegations by reference.

91.    Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

92.    JCI has breached its express warranties.

93.    JCI has breached its warranty of merchantability.

94.    JCI has breached its warranty of fitness for intended purpose.

95.    Plaintiffs suffered damages as a result of these breaches of warranty.

## COUNT  VII  -- UCC Revocation Of Acceptance

## (JCI & MSGCU)

96.    Plaintiffs incorporate the preceding allegations by reference.

97.    Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

98.    The nonconformity of the vehicle could not have been reasonably discovered by Plaintiffs at the time JCI tendered delivery.

99.    Plaintiffs would not have accepted the vehicle had Tremblay known that the vehicle was nonconforming.

18

100.   JCI has not made its tender of delivery conforming.

101.   Plaintiffs sent notice of revocation within a commercially reasonable time.

102.   Plaintiffs suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

## COUNT VIII — Motor Vehicle Sales Finance Act

## (JCI & MSGCU)

103.   Plaintiffs incorporate the preceding allegations by reference.

104.   Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

105.   JCI failed to provide a true copy of the rin violation of the installment contract as required by M.C.L. § 492.101 *et seq.*

106.    JCI failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 492.101 *et seq.*

107.   Plaintiffs suffered the damages set forth above by reason of the JCI's violations of the MVSFA.

19

## COUNT IX — Motor Vehicle Installment Sales Contract Act

## (JCI & MSGCU)

108.   Plaintiffs incorporate the preceding allegations by reference.

109.   Under M.C.L. § 492.114a and pursuant to the express terms of the contract, MSGCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

110.   JCI failed to provide a true copy of the installment contract as required by M.C.L. § 492.101 *et seq.* in violation of the Motor Vehicle Installment Sales Contract Act, M.C.L. § 566.302.

111.   JCI failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

112.   JCI failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

113.   Plaintiffs suffered damages in the amount of the finance charge imposed.

## JURY DEMAND

114.   Plaintiffs request a jury trial in this case.

<u>**REQUEST FOR RELIEF**</u>

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

                        Respectfully Submitted,

                        ADAM G. TAUB & ASSOCIATES
                        CONSUMER LAW GROUP, PLC

                        By:    <u>/s/ Adam G. Taub</u>
                                Adam G. Taub (P48703)
                                Attorney for Plaintiffs
                                17200 West 10 Mile Rd. Suite 200
                                Southfield, MI 48075
                                Phone:  (248) 746-3790
                                Email:   <u>adamgtaub@clgplc.net</u>

Dated: September 26, 2025